**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Seldon,<br><br>            Plaintiff,<br><br>v.<br><br>Edward Magedson a/k/a Ed Magedson; et al.,<br><br>            Defendants. | No. CV-13-0072 PHX DGC<br><br>**ORDER** |

Defendant Xcentric Ventures LLC ("Xcentric") has filed a motion to strike the second amended complaint. Doc. 23. *Pro se* Plaintiff filed a response to the motion (Doc. 24), and a cross-motion seeking in the alternative leave of Court to file a second amended complaint (Doc. 25). Defendants Xcentric and Edward Magedson filed a response to Plaintiff's cross-motion. Doc. 26. No party has requested oral argument. For the reasons discussed below, the Court will grant the motion to strike and deny Plaintiff's cross-motion.

Plaintiff filed a complaint on January 1, 2013. Doc. 1. On March 13, 2012, Plaintiff filed a first amended complaint. Doc. 11. The Court's Case Management Order, entered May 17, 2013, established a deadline for amending pleadings and adding parties:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **30 days** from the date of this Order.

Doc. 18 at 1. The 30-day deadline expired on June 17, 2013. *See* Fed. R. Civ. P. 6(a)(1). Plaintiff filed a second amended complaint on that day. Doc. 22.

Defendant Xcentric's motion argues that the Court should strike the second amended complaint because Plaintiff filed it without "the opposing party's written consent or the court's leave" as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. Doc. 23 at 1. In response, Plaintiff argues that the case management order "made no mention that permission had to be obtained in order to make the amendment," and that Plaintiff "previously amended [his] complaint with no objection or consent on the part of [Defendant Xcentric's counsel] and as such had no knowledge that court permission was required." Doc. 24 at 1.

*Pro se* litigants are bound by the rules of civil procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). The Court's order setting the Rule 16 case management conference so advised Plaintiff. *See* Doc. 14 at 6 ("The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure[.]"). In addition, during the Case Management Conference held on May 9, 2013 (Doc. 17), the Court advised Plaintiff that he should obtain a current copy of the Federal Rules of Civil Procedure and follow all court orders. As a result, Plaintiff's assertion that he lacked knowledge of Rule 15(a)'s requirements is not well taken. Because Plaintiff filed the second amended complaint in violation of Rule 15(a)(2), the Court will grant Defendant's motion to strike.

In his cross-motion, Plaintiff argues that he had no knowledge of Rule 15(a)(2), that the second amended complaint does not prejudice Defendants, and that it asserts valid claims. Doc. 25 at 2-3. In response, Defendants submit that the Court should deny Plaintiff leave for the following reasons: (1) Plaintiff has not demonstrated good cause to modify the case management order as required by Rule 16(b)(4); (2) Plaintiff did not file a redline version of the second amended complaint indicating how it differs from the first amended complaint as required by Local Rule 15.1(a); and (3) the substance of Plaintiff's amendment is futile. Doc. 26 at 2.

Deadlines established in case management orders may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P. 16(a)).  Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Plaintiff does not argue diligence or good cause.  Rather, he argues that the amendment is valid and will not cause prejudice.  These arguments are not relevant.  In determining whether to extend a Rule 16 deadline, the focus is on the diligence of the moving party, not the absence of prejudice.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  *Johnson*, 975 F.2d at 609 (citation omitted).  Plaintiff does not argue that he was diligent, and the Court concludes that the amendment deadline could have been met through reasonable diligence.  The Court therefore will deny the cross-motion for leave to amend.

Plaintiff again is advised that although he is proceeding *pro se*, he must become familiar with and follow the Federal Rules of Civil Procedure and the Local Rules.  *See King,* 814 F.2d at 567; *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").  The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/.  A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Rules, General Orders & Forms").  Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

**IT IS ORDERED:**

1. Defendant's motion to strike the second amended complaint (Doc. 23) is **granted**.
2. Plaintiff's motion seeking leave to file second amended complaint (Doc. 25) is **denied**.

Dated this 19th day of September, 2013.

_____
David G. Campbell
United States District Judge