**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Seldon, | No. CV-13-00072-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Edward Magedson, et al., | |
| Defendants. | |

Defendants Irina Borisenko and Cheyenne Crow have filed a motion for sanctions. Doc. 50. After reviewing the motion, the Court concludes that it should be deemed a motion for summary judgment rather than a motion for sanctions. The motion seeks to have Plaintiff's case dismissed on a number of procedural and substantive grounds.

A motion for summary judgment will, if granted, end Plaintiff's case. Rule 56 tells Plaintiff what he must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of Plaintiff's case and the party who asked for summary judgment is entitled to judgment as a matter of law. When a defendant makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), a plaintiff cannot simply rely on what the complaint says. Instead, the plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and

documents and show that there is a genuine issue of material fact for trial.  If Plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him.  If summary judgment is granted, his case will be dismissed and there will be no trial.

The Court has directed Plaintiff to comply with the Local Rules of Civil Procedure in previous orders.  Because Defendants' motion for sanctions has been deemed a motion for summary judgment, it does not comply with certain provisions of the Local Rules which govern the briefing of motions for summary judgment.  Plaintiff, therefore, need not comply with Local Rule 56.1(b) or any other Local Rule that is inapplicable in light of the unique nature of Defendants' motion for summary judgment.

**IT IS ORDERED:**

1. Plaintiff **must** file a response to Defendants' motion for summary judgment on or before **May 9, 2014**.

2. Defendants **may** file a reply on or before **May 23, 2014** in support of their motion for summary judgment.

3. The motion for summary judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 15th day of April, 2014.

_____
David G. Campbell
United States District Judge