IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

CV-13-000072-PHX-DGC

Philip Seldon

Plaintiff.,

vs.

Edward Magedson *aka* Ed Magedson,

Ripoffreport.com and Xcentric Ventures L.L.C.;

John Doe 1-10, Cheyenne Crow; and Irina Borisenko,

Defendants.

Cas. No. CV1~72-PHX DGC

PLAINTIFF'S AFFIRMATION IN
SUPPORT OF MOTION FOR
RULE 11 SANCTIONS
AGAINST IRINA BORISENKO

```
✓ FILED        ___ LODGED
___ RECEIVED   ___ COPY

       MAY - 1 2014

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
BY_____ DEPUTY
```

PHILIP SELDON, under the penalty of perjury affirms the following:

Irina Borisenko has affixed her name to a motion for sanctions against Plaintiff Philip Seldon in this action with said motion being rife with lies, deception and factual inaccuracies while Rule 11 (1) states: "Representations to Court By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, - (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;"

Irina Borisenko knows full well that the statements, allegations and other factual contentions made by her do not have evidentiary support and are in actual fact fabricated prevarication or are otherwise submitted to the court in an effort to deceive the court. Specifically:

1. Irina Borisenko wrote in her motion *"Interesting to note, Plaintiff Seldon has filed over 100 new cases in New Yolk State Supreme Court in 2013 and over 2,000*

*cases since 1965 in New Yolk State Supreme Court alone."* Irina Borisenko knows full well that this is a prevarication and that Philip Seldon did not file over 100 new cases in New York State Supreme Court in 2013 or 2,000 cases since 1965. Philip Seldon filed only new 3 cases in 2013 of which 2 are inactive and are not being pursued. A review of the New York City County Clerk records reveals that Philip Seldon has not filed 2,000 cases since 1965 - since 1965 he has filed approximately 100 cases many of which were settled, many were only the purchase of Index numbers to preserve the statute of limitations and were never advanced or in which he was represented by counsel. Irina Borisenko has fabricated this 2,000 figure out of thin air in an effort to prejudice the court against Philip Seldon knowing full well that it is not true.

2. Irina Borisenko wrote in her motion *"Defendant Irina Borisenko's live-in landlord Plaintiff Seldon has pursued satisfaction by stalking, sexual abuse, verbal sexual harassment, sexual harassment, and general harassment against Defendants Borisenko and Crow, friends, family, children, and work associates . ..,"* and he also characterized Irina Borisenko as a *"young woman"* when she is more than 48 years old. She knows that this is not true and is a lie and factual inaccuracy. As such, he seeks to deceive the court and prejudice it against Philip Seldon in violation of .Rule 11 (b)(3). Philip Seldon has never stalked either Irina Borisenko or Cheyenne Crow - He does not know where either of them reside and furthermore Irina Borisenko resides in Belarus. Philip Seldon has not telephoned Irina Borisenko as he does not have her current telephone number. Furthermore, Irina Borisenko's statements about her being Harassed by Philip Seldon are an utter fabrication and prevarication. Philip Seldon does not have Irina Borisenko's telephone number in Belarus and as such can not telephone her. Her statement that she had to cancel her cell phone because she was being harassed with telephone calls from Philip Seldon is an utter lie she canceled her cell phone because she moved to Belarus and no longer needed a

cell phone. Irina Borisenko's statement that Philip Seldon sexually her is similarly a total fabrication and an utter lie. Philip Seldon never sexually abused Irina Borisenko nor sexually harassed her in any way - all their sexual contact was totally consensual - when they traveled worldwide over the course of four years she dressed and undressed in front of him gleefully showing off her naked body without Philip Seldon asking her to do so. She liked showing off her body to him. Furthermore, Irina Borisenko asked Philip Seldon to help her with her quest to have sexual dalliances with men she found on Match.com having sexual encounters with fourteen men during the year she lived as a guest in his apartment. When she returned in the morning from a sexual encounter she related her activities to Philip Seldon over breakfast in explicit detail just like a play-by-play baseball radio announcer. This is hardly the way someone would act who was being sexually harassed.

3. Irina Borisenko wrote in her motion that Irina Borisenko was impregnated by live-in landlord Plaintiff Philip Seldon. This is a complete lie and deception. Irina Borisenko was not impregnated while she was living with Philip Seldon but was impregnated tour years previously. Also Irina Borisenko was not impregnated by Philip Seldon but by her married older lover Patrick as Philip Seldon is incapable of impregnating anyone. Irina Borisenko's recitation of the abortion events in her motion and in her annexed Family Court papers are a total lie and are intended to deceive the court.

4. In his motion Irina Borisenko cited and included her *AFFIDAVIT IN SUPPORT* OF *ISSUANCE* OF *FAMILY COURT TEMPORARY ORDER* OF *PROTECTION* to New York City Family Court and the TEMPORARY ORDER OF PROTECTION as if it were still in effect and as if her application had merit knowing full well that the Temporary Order of Protection was vacated on February 29, 2012 on the first court appearance on the grounds that it was not warranted and that

her application for the Order had no merit and that her petition for an Order of Protection was dismissed based on the fact that she lived in Belarus had no intention of appearing in court. A copy of the Order dismissing the Petition is annexed hereto as Exhibit A. Cheyenne Crow's including Irina Borisenko's Family Court papers in his motion as if it they were still in effect or had any merit is intended to deceive and prejudice the court.

5. Irina Borisenko wrote that Philip Seldon was Irina Borisenko's "live-in landlord.' Philip Seldon was never her landlord - Irina Borisenko was Philip Seldon's house guest and he gave her use of his company's apartment's library to live in rent free as a gesture of their "best-friends' relationship. Irina Borisenko did not pay rent and was living there while she looked for a rent subsidized apartment. There was never a landlord/tenant relationship with the payment of rent. The use of the term "landlord" is intended to deceive the court.

6. In her motion Irina Borisenko cites the recent decision of Judge Doris Ling-Cohen in New York State Court Index No 103760/12 knowing full well that that decision is contrary to the factual allegations of the Complaint in that action and that the decision is wrong and is highly likely to be reversed on appeal. She is fully aware that Philip Seldon has made a Motion to Renew, Reargue and Reinstate and has filed a Notice of Appeal pointing out that Judge Ling-Cohen in making her decision incorrectly stated that the Complaint failed to allege that there were allegations requesting the return of the recliner, that there were no allegations with the precise words of the defamation, that the allegations failed to contain the required verbiage to state a claim for intentional infliction of emotional distress, that the allegations failed to stale the facts of the fraud upon the court or to state that there were damages when in actual fact the Complaint contained all of these necessary and required allegations. Judge Ling-Cohen ignored the verbiage and allegations of the complaint and turned a blind eye toward

them in her zeal to dismiss the litigation. As such, her decision is certain to be reversed on appeal. Irina Borisenko is fully aware of this fact, yet she cites this unwarranted and unjust decision and manifest injustice in an effort to prejudice this court against the Plaintiff, Philip Seldon.

7. "This motion was served 21 days prior to filing pursuant to Rule 11(1)(A).

8. Irina Borisenko has not withdrawn any of the false statements subject of this motion.

WHEREFORE, good cause having been shown, it is respectfully requested that Rule 11 sanctions be imposed against defendant Irina Borisenko for willfully violating Rule 11 (3)(b) in intentionally lying to the court and attempting to deceive it.

*Philip Seldon*

**EXHIBIT A**

GF16 10/2004

At a term of the Family Court of the State of New York, held in and for the County of New York, at 60 Lafayette Street, New York, NY 10013, on May 2, 2012

**PRESENT:** Hon. Susan R. Larabee

In the Matter of a **Family Offense** Proceeding

**Irina Borisenko,**

                    Petitioner,

- against -

**Philip Seldon,**

                    Respondent.

**File #:** 170557
**Docket #:** O-00722-12

**ORDER OF DISMISSAL**

A petition under Article 8 of the Family Court Act, having been filed in this Court on February 1, 2012 for the following: Order of Protection;

And the matter having duly come on to be heard before this Court and the following having appeared: Philip Seldon;

IT IS ADJUDGED that the petition is dismissed due to the Petitioner's failure to appear. The Petitioner is in Belarus; she has never appeared and has no intention to appear; it is therefore

ORDERED that the petition herein is dismissed.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:** May 2, 2012                   **ENTER**

                                                      Hon. Susan R. Larabee