IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF ARIZONA



Philip Seldon

    Plaintiff.,

vs.

Edward Magedson a/k/a Ed Magedson,
Ripoffreport.com, Xcentric Ventures L.L.C.,
John Doe 1-10, Jane Doe 1-10, Cheyenne Crow,
and Irina Borisenko

    Defendants.

PLAINTIFF'S OPPOSITION TO

DEFENDANTS' MOTION FOR

SUMMARY JUDGMENT

Index no.

CV-13-00072-PHX-DGC

PHILIP SELDON affirms under the penalty as follows:

1. I am the plaintiff in this action.

2. Defendants' motion was submitted to this court as a "Request for Sanctions and Contempt against Plaintiff" which was docketed by the clerk of this court as a Rule 11 sanctions motion. Subsequently, Judge David Campbell ruled that it would not be deemed a Rule 11 sanctions motion but as a motion for summary judgment despite the fact that the pleading does not meet the standards for a summary judgment motion and that despite the fact that it was neither sworn under oath nor affirmed under penalty and should have been rejected and denied for that reason by this court.

3. The gravamen of the defendants' Cheyenne Crow and Irina Borisenko claim for dismissal in their first, third, and seventh paragraphs of their motion is the my allegations in my complaint are similar or duplicative to my actions against them in my New York actions. In

that regard they cite the Supreme Court of the State of New York Index numbers 105200/2011, 106093/2011, 101656/2012 and 103760/2012 knowing full well that Index nos. 105200/2011, 106093/2011 and 101656/2012 were never actually considered by the New York courts as they were dismissed for lack of proper service and that Index no. 103760/2012 was dismissed for failing to state a cause of action. As such, there can be no duplication of the allegations contained in the complaint in this action and their motion must be denied. Furthermore, they have made no showing other than their unsworn conclusiary statements that the actions are duplicative - they have not included as exhibits in support of their motion the complaints in the New York actions for this court to compare with the complaint in this action nor provided any other documentation to support their contention to that the actions are similar or duplicative as they are required as a matter of law.

4. In actual fact, defendants Crow and Borisenko have annexed as their Exhibit A a decision in Index no. 103760/2012 in the Supreme Court of the State of New York that contradicts their claim that this New York State action is duplicative to this action, In that action, Judge Doris Ling-Cohen wrote in her decision dismissing the action the following:

> "On a motion to dismiss pursuant to CPLR §3211 (a)(7) for failure to state
> a cause of action, the movant has the burden to demonstrate that, based
> upon the four corners of the complaint liberally construed in favor of the
> plaintiff, the pleading states no legally cognizable cause of action. *Leon* v
> *Martinez,* 84 NY2d 83, 87-88 (1994). However, CPLR §3013 provides that
> "[s]tatements in a pleading shall be sufficiently particular to give the court
> and parties notice of the transactions, occurrences, or series of transac-
> tions or occurrences, intended to be proved and the material elements of

each cause of action or defense." Factual allegations that consist of bare legal conclusions, or that are inherently incredible or clearly contradicted by documentary evidence are not entitled to such consideration (see Caniglia v. Chicago Tribune-New York News Syndicate, Inc., 204 AD2d 233 [1 sl De t 1994]). If the allegations are not "sufficiently particular to give the court and parties notice of the transactions intended to be proved and the material element of each cause of action", the cause of action will be dismissed. See Catli, 40 AD2dat715. Based upon such standard, plaintiff claims for defamation, libel, slander, invasion of privacy, intentional infliction of emotional distress, alienation of affection and friendship, criminal trespass, computer trespass ,destruction of intellectual property, theft of 36,000 photographs, grand larceny, criminal mischief, theft of intellectual property, perjury, false arrest, filing of a false instrument, fraud, and fraud upon the court, are defective on their face and, therefore, dismissal is warranted.

Plaintiffs claims for defamation, libel and slander are deficient as the complaint fails to contain the "particular words complained of, as required by CPLR §3016(a). Similarly, plaintiffs claims for fraud and fraud upon the court are dismissed, as "the circumstances constituting the wrong [are not] stated in detail", as required. See CPLR §3016(b). Plaintiffs claim for intentional infliction of emotional distress must be dismissed, as plaintiff has failed to set forth in the complaint allegations of extreme and outrageous conduct which intentionally or recklessly caused him severe

emotional distress. *See Howell* v. *New York Post Co.,* 81 NY2d 115 (1993); *Dillon v. City of New York*, 26 LAD2d 34, 41 (1st Dept 1999)."

As can be seen, Judge Ling-Cohen ruled that the New York action failed to state the required verbiage for the defamation claims that are stated in the allegations in this action and similarly that action failed to state the required verbiage for the intentional infliction of emotional distress claims that are stated in the allegations in this action. As such, as documented by Judge Ling-Cohen's findings, the New York action and this action can not in the eyes of Judge Ling-Cohen be duplicative. Plaintiff, Philip Seldon thus disputes that this action is duplicative of the New York state actions and contends that the defendants Cheyenne Crow and Irina Borisenko have not made a showing that the cases are so duplicative.

5. As Judge David Campbell wrote in his decision granting summary in favor of the Xcentric defendants in this action, "A party seeking summary judgment 'the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.' *CelotexCorp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows ' there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be ' that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)." Movants, Cheyenne Crow and Irina Borisenko have not met their responsibility or burden to show that there is an absence of genuine issue of material

such that summary judgment should be granted. Plaintiff contends that there is issue of material fact such that summary judgment should be denied.

WHEREFORE it is respectfully requested that the Motion for Summary Judgment to Dismiss be denied in all respects.

May 2, 2014

**IN THE UNITED STATES DISTRICT COURT**

**FOR DISTRICT OF ARIZONA**

Philip Seldon

    Plaintiff.,

vs.

Edward Magedson a/k/a Ed Magedson,
Ripoffreport.com, Xcentric Ventures L.L.C.,
John Doe 1-10, Jane Doe 1-10, Cheyenne Crow,
and Irina Borisenko

    Defendants.

AFFIRMATION OF SERVICE

Index no.

CV-13-00072-PHX-DGC

Plaintiff Philip Seldon affirms under the penalty of perjury that he served PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT on Cheyenne Crow, Irina Borisenko, Maria Crimi Septn and David Gringas by mailing said notice to Cheyenne Crow and Irina Borisenko at P.O. Box 8401, Alexandria, VA. 22306, Maria Crimi Septh, 3200 N. Central Avenue, Phoenix, AZ 85012, and David Gingras, 4802 E. Ray Rd. # 23-271, Phoenix, AZ 85044 .on May 2, 2014.

*[signature: Philip Seldon]*